## LAWYERS AND HOME-MAKERS BUILDING AND LOAN AS-SOCIATION, A CORPORATION, PLAINTIFF, v. LOUIS KOHN AND MORRIS OSTERWEIL, DEFENDANTS.

Decided February 6, 1936.

For the plaintiff, *Israel B. Greene.*

For the defendants, *Gansler & Feinberg.*

SMITH, J. L., S. C. C.  This comes on a motion to strike out the complaint filed by the plaintiff on the ground that it is prematurely brought.

The complaint is allegedly based upon a contract of guaranty entered into by the defendants, guaranteeing payment of the principal and interest due and to become due, upon a mortgage held by the plaintiff.  As it appears from the complaint, the plaintiff, or its predecessor, loaned $16,000 to Samuel Herman and Herbert Herman, on October 1st, 1925, which loan is evidenced by a bond of that date, and secured by a mortgage given by them on premises known as 423-5 Page avenue, Lyndhurst, New Jersey.  The said property was thereafter sold to the defendant Kohn.  On or about December 10th, 1931, after the purchase of the property by Louis Kohn, the said mortgage was recast by the plaintiff company, the defendant Kohn subscribing to forty-eight shares of the plaintiff company, and agreeing to pay the recast amount, namely: $9,600, at a monthly rate of $48 per month, and interest, also $48 per month, in all $96 per month, and placing the forty-eight shares as further

collateral for the payment; as a part of the agreement to recast as above noted, the two defendants "guaranteed" the payment of the principal and interest due and to become due, on the said mortgage and bond.

This action is brought by the plaintiff, upon this alleged contract to guarantee without first foreclosing the mortgage, pursuant to 3 *Comp. Stat., p.* 3421, ¶ 48, and amendments thereto.

Plaintiff contends that this is an absolute contract of guarantee for payment, as distinguished from a guarantee of collection, and that in the case of *Pfeifer* v. *Crossley,* 91 *N. J. L.* 433, it is held that no foreclosure is necessary prior to this action.

The plaintiff further quotes from 28 *C. J.* 979, as follows:

"Where the guarantee is an absolute one and the creditor has also other security, he need not proceed against the security, but may at once sue the guarantor on the default of the principal debtor."

Upon examination of the quotation from *Corp. Jur.,* and authorities cited therein, as well as the case of *Pfeifer* v. *Crossley, supra,* it is to be found that in all these cases, the guarantor was not the obligor of the debt, but the original creditor, who, upon assignment of his bond and mortgage, guarantees payment of the amount. In these cases the courts have made the distinction between a guarantee of payment and a guarantee of collection; however, as to the defendant Kohn, that distinction is not material, for, in this case, the alleged guarantee is made not by the original creditor assignor, but by the obligor, Kohn, who, under the same instrument, has agreed to pay the mortgage on a monthly basis. In other words, the obligation, or the debt, entered into by Kohn, by this so-called contract of guarantee, is identical with the original obligation entered into in the recasting of the mortgage.

The situation then comes within the meaning of the statute relied upon by the defendant, namely 3 *Comp. Stat., p.* 3421, ¶ 48, providing that in all cases where a bond and mortgage has been given for the same debt, all proceedings to collect

the said debt shall be first to foreclose the mortgage, &c. The obligation entered into by the defendant Kohn, under the alleged contract of guarantee, is the same as the obligation in the recast.

In *Taylor* v. *Van Nimwagen,* 86 *N. J. L.* 80, the court held:

"That it is the identity of the debt, rather than that of the instrument representing it, that supplies the test, whether or not the statute applies."

To the same effect, is *Knight* v. *Cape May Sand Co.,* 83 *N. J. L.* 597.

The above reasonings, however, do not apply to the defendant Morris Osterweil, who has entered into a separate and independent obligation in this contract to guarantee, which on its face is absolute, guaranteeing the payment of the principal and interest, and as to him, the plaintiff is under no obligation to first foreclose the mortgage. *Pfeifer* v. *Crossley, supra.*

Therefore the motion to strike the complaint will be granted as to the defendant Kohn and will be denied as to the defendant Morris Osterweil.

An order will be signed accordingly.